1  SHEPPARD MULLIN RICHTER & HAMPTON LLP
   POLLY TOWILL, Cal. Bar No. 120420
2  ptowill@sheppardmullin.com
   DARREN M. FRANKLIN, Cal. Bar No. 210939
3  dfranklin@sheppardmullin.com
   333 South Hope Street, 43rd Floor
4  Los Angeles, California 90071-1422
   Telephone: 213.620.1780
5  Facsimile: 213.620.1398

6  SHEPPARD MULLIN RICHTER & HAMPTON LLP
   KENT R. RAYGOR, Cal. Bar No. 117234
7  kraygor@sheppardmullin.com
   VALERIE E. ALTER, Cal. Bar No. 239905
8  valter@sheppardmullin.com
   KAZIM A. NAQVI, Cal. Bar No. 300438
9  knaqvi@sheppardmullin.com
   1901 Avenue of the Stars, 16th Floor
10 Los Angeles, California 90067
   Telephone: 310.228.3700
11 Facsimile: 310.229.3701

12 Attorneys for Defendant and Counterclaimant
   FRAMELESS HARDWARE COMPANY LLC and for
13 Defendants CHRISTOPHER HANSTAD,
   JESUS "JESSE" DORADO, BARRY
14 SUTHERLAND, GLASSWERKS LA, INC.,
   and RANDY STEINBERG

15

16            UNITED STATES DISTRICT COURT

17   FOR THE CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION

18 C.R. LAURENCE CO., INC., a          Case No. 2:21-cv-01334-JWH (RAOx)
   California corporation,
19                                      **DEFENDANTS':**
          Plaintiff,
20                                      **(1)   ANSWER TO PLAINTIFF'S**
          v.                                   **THIRD AMENDED**
21                                             **COMPLAINT, AND**
   FRAMELESS HARDWARE                         **AFFIRMATIVE DEFENSES;**
22 COMPANY LLC, a Delaware limited            **AND**
   liability company; CHRISTOPHER
23 HANSTAD, an individual; JESUS       **(2)   COUNTERCLAIMS.**
   "JESSE" DORADO, an individual,
24 BARRY SUTHERLAND, an
   individual; GLASSWERKS LA, INC.,   Complaint Filed: February 12, 2021
25 a California Corporation; and, RANDY Trial Date:      None Set
   STEINBERG, an individual,
26
          Defendants.
27

28

                              -1-

1   FRAMELESS HARDWARE
    COMPANY LLC, a Delaware limited
2   liability company,

3                   Counterclaimant,

4          v.

5   C.R. LAURENCE CO., INC., a
    California corporation,
6
                    Counterdefendant.
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-2-
DEFENDANTS FHC, ET AL.'S ANSWER TO PLT'S THIRD AMENDED COMPLAINT

1    Defendants Frameless Hardware Company LLC ("**FHC**"), Christopher Hanstad

2   ("**Hanstad**"), Jesus "Jesse" Dorado ("**Dorado**"), Barry Sutherland ("**Sutherland**"),

3   Glasswerks LA, Inc. ("**Glasswerks**"), and Randy Steinberg ("**Steinberg**")

4   (collectively, "**Defendants**") hereby respond to the allegations of each paragraph of

5   Plaintiff C.R. Laurence Co., Inc.'s ("**CRL**") *Third Amended Complaint* ("*TAC*")

6   [ECF Dkt. No. 85] as follows:

7                                    **JURISDICTIONAL STATEMENT**

8        1.    The allegations in Paragraph 1 of the *TAC* state a legal conclusion to

9   which no response is required.  To the extent a response is required, Defendants deny

10  the allegations in Paragraph 1 of the *TAC*.

11                                    **PRELIMINARY STATEMENT**

12       2.    Defendants are presently without sufficient information to admit or deny

13  the allegations in Paragraph 2 of the *TAC*, and therefore deny those allegations.

14       3.    Defendants deny the allegations in Paragraph 3 of the *TAC*.

15       4.    The allegations in Paragraph 4 of the *TAC* state a legal conclusion to

16  which no response is required.  To the extent a response is required, Defendants deny

17  the allegations in Paragraph 4 of the *TAC*.

18                                          **THE PARTIES**

19       5.    Defendants are presently without sufficient information to admit or deny

20  the allegations in Paragraph 5 of the *TAC*, and therefore deny those allegations.

21       6.    Defendants admit the allegations in Paragraph 6 of the *TAC*.

22       7.    Defendants admit the allegations in Paragraph 7 of the *TAC*.

23       8.    Defendants admit the allegations in Paragraph 8 of the *TAC*.

24       9.    Defendants admit the allegations in Paragraph 9 of the *TAC*.

25       10.   Defendants admit the allegations in Paragraph 10 of the *TAC*.

26       11.   Defendants admit the allegations in Paragraph 11 of the *TAC*.

27  ///

28  ///

## **JURISDICTION AND VENUE**

12.     The allegations in Paragraph 12 of the *TAC* state a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 12 of the *TAC*.

13.     The allegations in Paragraph 13 of the *TAC* state a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 13 of the *TAC*.

14.     The allegations in Paragraph 14 of the *TAC* state a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 14 of the *TAC*.

15.     The allegations in Paragraph 15 of the *TAC* state a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 15 of the *TAC*.

## **FACTUAL ALLEGATIONS**

16.     Defendants are presently without sufficient information to admit or deny the allegations in Paragraph 16 of the *TAC*, and therefore deny those allegations.

17.     Defendants are presently without sufficient information to admit or deny the allegations in Paragraph 17 of the *TAC*, and therefore deny those allegations.

18.     Defendants are presently without sufficient information to admit or deny the allegations in Paragraph 18 of the *TAC*, and therefore deny those allegations.

19.     Defendants admit only that FHC employee Gary Sprague is named as an inventor for the '413 Patent.  Defendants are presently without sufficient information to admit or deny the remaining allegations in Paragraph 19 of the *TAC*, and therefore deny those allegations.

20.     Defendants admit only that CRL offers to certain customers the Storefronts Online, Showers Online, and Hand Rails Online software applications (hereafter, the "**Online Computer Programs**").  Defendants are presently without

SMRH:4889-5405-3139.8     DEFENDANTS FHC, ET AL.'S ANSWER TO PLT'S THIRD AMENDED COMPLAINT

sufficient information to admit or deny the remaining allegations in Paragraph 20 of the *TAC*, and therefore deny those allegations.

21.     Defendants admit only that CRL offers to certain customers the Storefronts Online computer program that allows customers to design and quote storefront components.  Defendants are presently without sufficient information to admit or deny the remaining allegations in Paragraph 21 of the *TAC*, and therefore deny those allegations.

22.     Defendants admit only that CRL offers to certain customers the Showers Online computer program that allows customers to design and quote shower components.  Defendants are presently without sufficient information to admit or deny the remaining allegations in Paragraph 22 of the *TAC*, and therefore deny those allegations.

23.     Defendants admit only that CRL offers to certain customers the Hand Rails Online computer program that allows customers to design and quote handrail components.  Defendants are presently without sufficient information to admit or deny the remaining allegations in Paragraph 23 of the *TAC*, and therefore deny those allegations.

24.     Defendants are presently without sufficient information to admit or deny the allegations in Paragraph 24 of the *TAC*, and therefore deny those allegations.  The second sentence in Paragraph 24 of the *TAC* states a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny the allegations in the second sentence of Paragraph 24 of the *TAC*.

25.     Defendants are presently without sufficient information to admit or deny the allegations in Paragraph 25 of the *TAC*, and therefore deny those allegations.

26.     Defendants are presently without sufficient information to admit or deny the allegations in Paragraph 26 of the *TAC*, and therefore deny those allegations.

27.     Defendants are presently without sufficient information to admit or deny the allegations in Paragraph 27 of the *TAC*, and therefore deny those allegations.

28.     Defendants admit only that what the '413 Patent states is stated in the patent.  Defendants are presently without sufficient information to admit or deny the remaining allegations in Paragraph 28 of the *TAC*, and therefore deny those allegations.

29.     Defendants admit the allegations in Paragraph 29 of the *TAC*.

30.     Defendants admit that Sprague was an employee of CRL at the time the '413 Patent application was filed through the time it issued.  Defendants are presently without sufficient information to admit or deny the remaining allegations in Paragraph 30 of the *TAC*, and therefore deny those allegations.

31.     Defendants are presently without sufficient information to admit or deny the allegations in Paragraph 31 of the *TAC*, and therefore deny those allegations.

32.     Defendants are presently without sufficient information to admit or deny the allegations in Paragraph 32 of the *TAC*, and therefore deny those allegations.

33.     Defendants are presently without sufficient information to admit or deny the allegations in Paragraph 33 of the *TAC*, and therefore deny those allegations.

34.     Defendants are presently without sufficient information to admit or deny the allegations in Paragraph 34 of the *TAC*, and therefore deny those allegations.

35.     Defendants deny the last sentence in Paragraph 35 of the *TAC*. Defendants are presently without sufficient information to admit or deny the remaining allegations in Paragraph 35 of the *TAC*, and therefore deny those allegations.

36.     Defendants are presently without sufficient information to admit or deny the allegations in Paragraph 36 of the *TAC*, and therefore deny those allegations.

37.     Defendants are presently without sufficient information to admit or deny the allegations in Paragraph 37 of the *TAC*, and therefore deny those allegations.

38.     Defendants are presently without sufficient information to admit or deny the allegations in Paragraph 38 of the *TAC*, and therefore deny those allegations.

39.     Defendants are presently without sufficient information to admit or deny the allegations in Paragraph 39 of the *TAC*, and therefore deny those allegations.

40.     Defendants are presently without sufficient information to admit or deny the allegations in Paragraph 40 of the *TAC*, and therefore deny those allegations.

41.     Defendants are presently without sufficient information to admit or deny the allegations in Paragraph 41 of the *TAC*, and therefore deny those allegations.

42.     Defendants are presently without sufficient information to admit or deny the allegations in Paragraph 42 of the *TAC*, and therefore deny those allegations.

43.     Defendants are presently without sufficient information to admit or deny the allegations in Paragraph 43 of the *TAC*, and therefore deny those allegations.

44.     Defendants are presently without sufficient information to admit or deny the allegations in Paragraph 44 of the *TAC*, and therefore deny those allegations.

45.     Defendants admit only that Hanstad, Dorado, and Sutherland were aware that CRL offers to certain customers the Online Computer Programs.  Defendants further admit only that when Dorado was employed by CRL, he had certain job responsibilities related to the Storefronts Online computer program.  Defendants deny the remaining allegations in Paragraph 45 of the *TAC*.

46.     Defendants admit only that Hanstad's and Gary Sprague's employment by CRL ended in 2018.  Defendants are presently without sufficient information to admit or deny the remaining allegations in Paragraph 46 of the *TAC*, and therefore deny those allegations.

47.     Defendants admit only that in or around February 2019, Hanstad purchased the domain name www.FHC-USA.com.  Defendants deny the remaining allegations in Paragraph 47 of the *TAC*.

48.     Defendants deny the allegations in Paragraph 48 of the *TAC*.

49.     Defendants admit only that FHC regards and protects certain of its business information as confidential, proprietary, and trade secret information.  Defendants deny the remaining allegations in Paragraph 49 of the *TAC*.

50.   Defendants admit only that FHC regards and protects certain of its information as confidential, proprietary, and trade secret information.  Defendants deny the remaining allegations in Paragraph 50 of the *TAC*.  CRL has misquoted and mischaracterized Hanstad's statements in a declaration from a separate litigation.

51.   Defendants admit only that in or around April 2019, FHC was incorporated under the laws of California.  Defendants further admit only that FHC's initial corporate filings list Hanstad as FHC's Chief Executive Officer and Chief Financial Officer.   Defendants deny the remaining allegations in Paragraph 51 of the *TAC*.

52.   Defendants admit only that Sutherland's employment by CRL ended in 2019 and that thereafter Sutherland began working for FHC.  Defendants deny the remaining allegations in Paragraph 52 of the *TAC*.

53.   Defendants admit the allegations in the first sentence of Paragraph 53 of the *TAC*.  As to the second sentence, Defendants admit that FHC and CRL compete in some areas.  Defendants deny the remaining allegations in Paragraph 53 of the *TAC*.

54.   Defendants admit only that multiple former CRL employees, including Dorado, are now employed by FHC.  Defendants further admit that Dorado's employment by CRL ended in or around April 2020.  Defendants deny the remaining allegations in Paragraph 54 of the *TAC*.

55.   Defendants deny the allegations in Paragraph 55 of the *TAC*.

56.   Defendants admit only that Hanstad is FHC's Chief Executive Officer and worked at CRL for many years, and that Sutherland is FHC's Senior Vice President and worked at CRL for many years.  Defendants deny the remaining allegations in Paragraph 56 of the *TAC*.

57.   Defendants admit only that FHC's website references certain CRL product part numbers.  Defendants deny the remaining allegations in Paragraph 57 of the *TAC*.

58.   Defendants deny the allegations in Paragraph 58 of the *TAC*.

59.    Defendants are presently without sufficient information to admit or deny the allegations in the first sentence of Paragraph 59 of the *TAC*, and therefore deny those allegations.  Defendants deny the remaining allegations in Paragraph 59 of the *TAC*.

60.    Defendants admit only that Sutherland was employed by CRL for many years until his employment by CRL ended in 2019.  Defendants further admit only that while he was an employee of CRL, certain of Sutherland's job duties involved knowledge of and working with the Online Computer Programs.  Defendants deny the remaining allegations in Paragraph 60 of the *TAC*.

61.    Defendants admit only that Dorado was employed by CRL until his employment ended in  2020.  Defendants further admit only that while he was an employee of CRL, certain of Dorado's job duties involved knowledge of and working with the Storefronts Online computer program.  Defendants deny the remaining allegations in Paragraph 61 of the *TAC*.

62.    Defendants admit only that certain of FHC's employees have, at certain points in time, accessed the Online Computer Programs.  Defendants further admit that defendants Steinberg and Glasswerks provided certain credentials to FHC in connection with the Online Computer Programs.  The nature and extent of the access to the Online Computer Programs is set forth in great detail in FHC's response to Paragraph 3 of the Court's July 6, 2021 Order [ECF Dkt. No. 46], served on CRL's counsel on July 20, 2021.  Defendants deny the remaining allegations in Paragraph 62 of the *TAC*.

63.    Defendants admit only that certain of FHC's employees have, at certain points in time, accessed the Online Computer Programs.  The nature and extent of the access to the Online Computer Programs is set forth in great detail in FHC's response to Paragraph 3 of the Court's July 6, 2021 Order [ECF Dkt. No. 46], served on CRL's counsel on July 20, 2021.  Defendants deny the remaining allegations in Paragraph 63 of the *TAC*.

SMRH:4889-5405-3139.8 DEFENDANTS FHC, ET AL.'S ANSWER TO PLT'S THIRD AMENDED COMPLAINT

64.     Defendants admit only that certain of FHC's employees have, at certain points in time, accessed the Online Computer Programs.  The nature and extent of the access to the Online Computer Programs is set forth in great detail in FHC's response to Paragraph 3 of the Court's July 6, 2021 Order [ECF Dkt. No. 46], served on CRL's counsel on July 20, 2021.  Defendants deny the remaining allegations in Paragraph 64 of the *TAC*.

65.     Defendants are presently without sufficient information to admit or deny the allegations in the third sentence of Paragraph 65 of the *TAC*, and therefore deny those allegations.  Defendants deny the remaining allegations in Paragraph 65 of the *TAC*.

66.     Defendants admit only that certain of FHC's employees have, at certain points in time, accessed the Online Computer Programs.  The nature and extent of the access to the Online Computer Programs is set forth in great detail in FHC's response to Paragraph 3 of the Court's July 6, 2021 Order [ECF Dkt. No. 46], served on CRL's counsel on July 20, 2021.  Defendants deny the remaining allegations in Paragraph 66 of the *TAC*.

67.     Defendants admit only that certain of FHC's employees have, at certain points in time, accessed the Online Computer Programs.  The nature and extent of the access to the Online Computer Programs is set forth in great detail in FHC's response to Paragraph 3 of the Court's July 6, 2021 Order [ECF Dkt. No. 46], served on CRL's counsel on July 20, 2021.  Defendants deny the remaining allegations in Paragraph 67 of the *TAC*.

68.     Defendants admit only that certain of FHC's employees have, at certain points in time, accessed the Online Computer Programs.  The nature and extent of the access to the Online Computer Programs is set forth in great detail in FHC's response to Paragraph 3 of the Court's July 6, 2021 Order [ECF Dkt. No. 46], served on CRL's counsel on July 20, 2021.  Defendants deny the remaining allegations in Paragraph 68 of the *TAC*.

69.    Defendants admit only that certain of FHC's employees have, at certain points in time, accessed the Online Computer Programs.  The nature and extent of the access to the Online Computer Programs is set forth in great detail in FHC's response to Paragraph 3 of the Court's July 6, 2021 Order [ECF Dkt. No. 46], served on CRL's counsel on July 20, 2021. Defendants deny the remaining allegations in Paragraph 69 of the *TAC*.

70.    Defendants are presently without sufficient information to admit or deny the allegations in Paragraph 70 of the *TAC*, and therefore deny those allegations.

71.    Defendants admit only that certain of FHC's employees have, at certain points in time, accessed the Online Computer Programs.  The nature and extent of the access to the Online Computer Programs is set forth in great detail in FHC's response to Paragraph 3 of the Court's July 6, 2021 Order [ECF Dkt. No. 46], served on CRL's counsel on July 20, 2021.   Defendants deny the remaining allegations in Paragraph 71 of the *TAC*.

72.    Defendants admit only that certain of FHC's employees have, at certain points in time, accessed the Online Computer Programs.  The nature and extent of the access to the Online Computer Programs is set forth in great detail in  FHC's response to Paragraph 3 of the Court's July 6, 2021 Order [ECF Dkt. No. 46], served on CRL's counsel on July 20, 2021.  Defendants deny the remaining allegations in Paragraph 72 of the *TAC*.

73.    Defendants admit only that certain of FHC's employees have, at certain points in time, accessed the Online Computer Programs.  The nature and extent of the access to the Online Computer Programs is set forth in great detail in  FHC's response to Paragraph 3 of the Court's July 6, 2021 Order [ECF Dkt. No. 46], served on CRL's counsel on July 20, 2021.  Defendants deny the remaining allegations in Paragraph 73 of the *TAC*.

74.    Defendants admit only that Sprague's employment with CRL ended in 2018.  Defendants deny the remaining allegations in Paragraph 74 of the *TAC*.

75.   Defendants admit only that Sprague began employment with FHC in 2019.  Defendants deny the remaining allegations in Paragraph 75 of the *TAC*.

76.   Defendants admit only that FHC offers a product called the Herc-Door® and that Sprague was involved in the design of the Herc-Door® product.  Defendants deny the remaining allegations in Paragraph 76 of the *TAC*.

77.   Defendants deny the allegations in Paragraph 77 of the *TAC*.

78.   Defendants deny the allegations in Paragraph 78 of the *TAC*.

79.   Defendants deny the allegations in Paragraph 79 of the *TAC*.

80.   Defendants admit only that Armando Rodriguez used to work for CRL and now works for FHC.  Defendants deny the remaining allegations in Paragraph 80 of the *TAC*.

81.   Defendants are presently without sufficient information to admit or deny the allegations in Paragraph 81 of the *TAC*, and therefore deny those allegations.

82.   Defendants are presently without sufficient information to admit or deny the allegations in Paragraph 82 of the *TAC*, and therefore deny those allegations.

83.   Defendants admit only that in or around July 2021, CRL received a shipment from a mutual supplier to FHC, that the shipment was intended for FHC, and that the shipment included a brushed nickel HD Beveled Wall Mount Clamp, part number CBU4BN.  Defendants further admit that FHC's website advertises the brushed nickel HD Beveled Wall Mount Clamp, part number CBU4BN, and compares this product to a similar product sold by CRL.  Defendants deny the remaining allegations in Paragraph 83 of the *TAC*.

84.   Defendants deny the allegations in Paragraph 84 of the *TAC*.

85.   Defendants deny the allegations in Paragraph 85 of the *TAC*.

86.   Defendants admit only that FHC sells a product called a "Venice Hinge" bearing part number VEN180.  Defendants deny the first sentence in Paragraph 86 of the *TAC*.  Defendants are presently without sufficient information to admit or deny

the remaining allegations in Paragraph 86 of the *TAC*, and therefore deny those allegations.

87.    Defendants admit only that FHC sells a product bearing part number PHR6X6BN.  Defendants are presently without sufficient information to admit or deny the remaining allegations in Paragraph 87 of the *TAC*, and therefore deny those allegations.

88.    Defendants deny the allegations in Paragraph 88 of the *TAC*.

89.    Defendants deny the allegations in Paragraph 89 of the *TAC*.

90.    Defendants deny the allegations in Paragraph 90 of the *TAC*.

91.    Defendants deny the allegations in Paragraph 91 of the *TAC*.

92.    Defendants admit only that FHC sells a caulking gun for sale on its website. Defendants deny the remaining allegations in Paragraph 92 of the *TAC*.

93.    Defendants deny the allegations in Paragraph 93 of the *TAC*.

## FIRST CLAIM FOR RELIEF

### Violation of Computer Fraud and Abuse Act (18 U.S.C. § 1030 *et seq.*)

### (Against Defendants FHC, Dorado, Sutherland, Glasswerks, and Steinberg)

94.    Defendants FHC, Dorado, Sutherland, Glasswerks, and Steinberg incorporate their answers to Paragraphs 1-93, set forth above, as if fully stated herein.

95.    The allegations in Paragraph 95 of the *TAC* consist of legal argument, to which no response is required.  To the extent a response is required, Defendants FHC, Dorado, Sutherland, Glasswerks, and Steinberg deny the allegations in Paragraph 95 of the *TAC*.

96.    Defendants FHC, Dorado, Sutherland, Glasswerks, and Steinberg admit only that certain of FHC's employees have, at certain points in time, accessed the Online Computer Programs.  The nature and extent of the access to the Online Computer Programs is set forth in great detail in  FHC's response to Paragraph 3 of the Court's July 6, 2021 Order [ECF Dkt. No. 46], served on CRL's counsel on July

1  20, 2021.  Defendants FHC, Dorado, Sutherland, Glasswerks, and Steinberg deny the

2  remaining allegations in Paragraph 96 of the *TAC*.

3      97.    Defendants FHC, Dorado, Sutherland, Glasswerks, and Steinberg admit

4  only that certain of FHC's employees have, at certain points in time, accessed the

5  Online Computer Programs.  The nature and extent of the access to the Online

6  Computer Programs is set forth in great detail in  FHC's response to Paragraph 3 of

7  the Court's July 6, 2021 Order [ECF Dkt. No. 46], served on CRL's counsel on July

8  20, 2021.  Defendants FHC, Dorado, Sutherland, Glasswerks, and Steinberg deny the

9  remaining allegations in Paragraph 97 of the *TAC*.

10     98.    Defendants FHC, Dorado, Sutherland, Glasswerks, and Steinberg deny

11  the allegations in Paragraph 98 of the *TAC*.

12     99.    Defendants FHC, Dorado, Sutherland, Glasswerks, and Steinberg admit

13  only that certain of FHC's employees have, at certain points in time, accessed the

14  Online Computer Programs.  The nature and extent of the access to the Online

15  Computer Programs is set forth in great detail in  FHC's response to Paragraph 3 of

16  the Court's July 6, 2021 Order [ECF Dkt. No. 46], served on CRL's counsel on July

17  20, 2021.  Defendants FHC, Dorado, Sutherland, Glasswerks, and Steinberg further

18  admit that defendants Steinberg and Glasswerks provided certain credentials

19  regarding the Online Computer Programs to FHC.  Defendants FHC, Dorado,

20  Sutherland, Glasswerks, and Steinberg deny the remaining allegations in Paragraph

21  99 of the *TAC*.

22     100.   The allegations in Paragraph 100 of the *TAC* consist of legal argument,

23  to which no response is required.  To the extent a response is required, Defendants

24  FHC, Dorado, Sutherland, Glasswerks, and Steinberg deny the allegations in

25  Paragraph 100 of the *TAC*.

26     101.   The allegations in Paragraph 101 of the *TAC* are a summary of the relief

27  that CRL seeks, to which no response is required.  To the extent a response is

28

1  required, Defendants FHC, Dorado, Sutherland, Glasswerks, and Steinberg deny the

2  allegations in Paragraph 101 of the *TAC*.

### **SECOND CLAIM FOR RELIEF**

**Violation of California Computer Data Access (Cal. Penal Code § 502)**

**(Against Defendants FHC, Dorado, Sutherland, Glasswerks, and Steinberg)**

6  102.   Defendants FHC, Dorado, Sutherland, Glasswerks, and Steinberg

7  incorporate their answers to Paragraphs 1-101, set forth above, as if fully stated

8  herein.

9  103.   The allegations in Paragraph 103 of the *TAC* consist of legal argument,

10  to which no response is required.  To the extent a response is required, Defendants

11  FHC, Dorado, Sutherland, Glasswerks, and Steinberg deny the allegations in

12  Paragraph 103 of the *TAC*.

13  104.   Defendants FHC, Dorado, Sutherland, Glasswerks, and Steinberg admit

14  only that certain of FHC's employees have, at certain points in time, accessed the

15  Online Computer Programs.  The nature and extent of the access to the Online

16  Computer Programs is set forth in great detail in  FHC's response to Paragraph 3 of

17  the Court's July 6, 2021 Order [ECF Dkt. No. 46], served on CRL's counsel on July

18  20, 2021.  Defendants FHC, Dorado, Sutherland, Glasswerks, and Steinberg deny the

19  remaining allegations in Paragraph 104 of the *TAC*.

20  105.   Defendants FHC, Dorado, Sutherland, Glasswerks, and Steinberg admit

21  only that certain of FHC's employees have, at certain points in time, accessed the

22  Online Computer Programs.  The nature and extent of the access to the Online

23  Computer Programs is set forth in great detail in  FHC's response to Paragraph 3 of

24  the Court's July 6, 2021 Order [ECF Dkt. No. 46], served on CRL's counsel on July

25  20, 2021.  Defendants FHC, Dorado, Sutherland, Glasswerks, and Steinberg deny the

26  remaining allegations in Paragraph 105 of the *TAC*.

27  106.   Defendants FHC, Dorado, Sutherland, Glasswerks, and Steinberg admit

28  only that certain of FHC's employees have, at certain points in time, accessed the

Online Computer Programs.  The nature and extent of the access to the Online Computer Programs is set forth in great detail in  FHC's response to Paragraph 3 of the Court's July 6, 2021 Order [ECF Dkt. No. 46], served on CRL's counsel on July 20, 2021.  Defendants FHC, Dorado, Sutherland, Glasswerks, and Steinberg deny the remaining allegations in Paragraph 106 of the *TAC*.

107.  Defendants FHC, Dorado, Sutherland, Glasswerks, and Steinberg admit only that certain of FHC's employees have, at certain points in time, accessed the Online Computer Programs.  The nature and extent of the access to the Online Computer Programs is set forth in great detail in  FHC's response to Paragraph 3 of the Court's July 6, 2021 Order [ECF Dkt. No. 46], served on CRL's counsel on July 20, 2021.  Defendants FHC, Dorado, Sutherland, Glasswerks, and Steinberg deny the remaining allegations in Paragraph 107 of the *TAC*.

108.  Defendants FHC, Dorado, Sutherland, Glasswerks, and Steinberg admit only that certain of FHC's employees have, at certain points in time, accessed the Online Computer Programs.  The nature and extent of the access to the Online Computer Programs is set forth in great detail in  FHC's response to Paragraph 3 of the Court's July 6, 2021 Order [ECF Dkt. No. 46], served on CRL's counsel on July 20, 2021.  Defendants FHC, Dorado, Sutherland, Glasswerks, and Steinberg further admit that defendants Steinberg and Glasswerks provided certain credentials regarding the Online Computer Programs to FHC.  Defendants FHC, Dorado, Sutherland, Glasswerks, and Steinberg deny the remaining allegations in Paragraph 108 of the *TAC*.

109.  Defendants FHC, Dorado, Sutherland, Glasswerks, and Steinberg admit only that certain of FHC's employees have, at certain points in time, accessed the Online Computer Programs.  The nature and extent of the access to the Online Computer Programs is set forth in great detail in  FHC's response to Paragraph 3 of the Court's July 6, 2021 Order [ECF Dkt. No. 46], served on CRL's counsel on July

20, 2021. Defendants FHC, Dorado, Sutherland, Glasswerks, and Steinberg deny the remaining allegations in Paragraph 109 of the *TAC*.

110. Defendants FHC, Dorado, Sutherland, Glasswerks, and Steinberg admit only that certain of FHC's employees have, at certain points in time, accessed the Online Computer Programs. The nature and extent of the access to the Online Computer Programs is set forth in great detail in FHC's response to Paragraph 3 of the Court's July 6, 2021 Order [ECF Dkt. No. 46], served on CRL's counsel on July 20, 2021. Defendants FHC, Dorado, Sutherland, Glasswerks, and Steinberg deny the remaining allegations in Paragraph 110 of the *TAC*.

111. Defendants FHC, Dorado, Sutherland, Glasswerks, and Steinberg admit only that certain of FHC's employees have, at certain points in time, accessed the Online Computer Programs. The nature and extent of the access to the Online Computer Programs is set forth in great detail in FHC's response to Paragraph 3 of the Court's July 6, 2021 Order [ECF Dkt. No. 46], served on CRL's counsel on July 20, 2021. Defendants FHC, Dorado, Sutherland, Glasswerks, and Steinberg deny the remaining allegations in Paragraph 111 of the *TAC*.

112. Defendants FHC, Dorado, Sutherland, Glasswerks, and Steinberg admit only that certain of FHC's employees have, at certain points in time, accessed the Online Computer Programs. The nature and extent of the access to the Online Computer Programs is set forth in great detail in FHC's response to Paragraph 3 of the Court's July 6, 2021 Order [ECF Dkt. No. 46], served on CRL's counsel on July 20, 2021. Defendants FHC, Dorado, Sutherland, Glasswerks, and Steinberg deny the remaining allegations in Paragraph 112 of the *TAC*.

## **THIRD CLAIM FOR RELIEF**

### **Patent Infringement (35 U.S.C. 101 *et seq.*)**

### **(Against Defendant FHC)**

113. Defendant FHC incorporates its answers to Paragraphs 1-112, set forth above, as if fully stated herein.

114. Defendant FHC admits only that what the '413 Patent states is stated in the patent. Defendant FHC is presently without sufficient information to admit or deny the remaining allegations in Paragraph 114 of the *TAC*, and therefore denies those allegations.

115. Defendant FHC admits the allegations in Paragraph 115 of the *TAC*.

116. Defendant FHC admits only that Sprague is listed as the sole inventor on the '413 Patent and that he assigned the application to CRL. The remaining allegations in Paragraph 116 of the *TAC* consist of legal argument, to which no response is required. To the extent a response is required, Defendant FHC denies the remaining allegations in Paragraph 116 of the *TAC*.

117. Defendant FHC denies the allegations in Paragraph 117 of the *TAC*.

118. Defendant FHC admits that CRL markets, offers for sale, and sells door rail products for releasably securing a panel of glass. Defendant FHC admits that among CRL's door rail products are the CRL Low Profile door rail system and the CRL ENTICE door rail system. Defendant FHC is presently without sufficient information to admit or deny the remaining allegations in Paragraph 118 of the *TAC*, and therefore denies those allegations.

119. Defendant FHC admits only that U.S. Patent Nos. 6,434,905, 6,912,818, and 9,074,413 all relate to various door rail systems. Defendant FHC objects that the term "CRL's products" is vague and ambiguous and, therefore, denies any allegations based upon that term. Defendant FHC is presently without sufficient information to admit or deny the remaining allegations in Paragraph 119 of the *TAC*, and therefore denies those allegations.

120. Defendant FHC admits only that Sprague is a named inventor on U.S. Patent Nos. 6,434,905 and 6,912,818, as well as the '413 Patent. The remaining allegations in Paragraph 120 of the *TAC* consist of legal argument, to which no response is required. To the extent a response is required, Defendant FHC denies the remaining allegations in Paragraph 120 of the *TAC*.

121.   Defendant FHC admits only that Sprague was involved in the design of the Herc-Door® product.  The first sentence of Paragraph 121 consists of legal argument, to which no response is required.  To the extent a response is required, Defendant FHC denies the allegations in the first sentence of Paragraph 121 of the *TAC*.  Defendant FHC denies that the Herc-Door® product infringed the '413 Patent.  Defendant FHC denies that FHC was on notice that the Herc-Door® product infringed the '413 Patent.  Defendant FHC denies that Sprague knew that the Herc-Door® product infringed the '413 Patent.  Defendant FHC denies any remaining allegations in Paragraph 121 of the *TAC*.

122.   Defendant FHC denies the allegations in Paragraph 122 of the *TAC*.

123.   Defendant FHC admits only that Paragraph 123 of the *TAC* accurately recites the text of claim 1 of the '413 Patent, except for the omission of a carriage return.  Defendant FHC denies that Plaintiff has accurately paraphrased what "[t]he '413 Patent uses" in the remainder of Paragraph 123 of the TAC, and further objects that the phrase "[t]he '413 Patent uses" is vague and ambiguous and, therefore, denies any allegations based upon that term.  Defendant FHC is presently without sufficient information to admit or deny any remaining allegations in Paragraph 123 of the *TAC*, and therefore denies those allegations.

124.   Defendant FHC denies the allegations in Paragraph 124 of the *TAC*.

125.   Defendant FHC denies the allegations in Paragraph 125 of the *TAC*.

126.   Defendant FHC denies the allegations in Paragraph 126 of the *TAC*.

127.   Defendant FHC denies the allegations in Paragraph 127 of the *TAC*.

128.   Defendant FHC admits only that the Herc-Door® product includes a rail assembly for releasably securing a glass panel.  To the extent the allegations in Paragraph 128 of the *TAC* otherwise consist of legal argument, or include claim terms of the '413 Patent that are subject to construction by Court at a Markman hearing, no response is required.  To the extent a response is required, Defendant FHC denies the remaining allegations in Paragraph 128 of the *TAC*.

129.   Defendant FHC admits only that the Herc-Door® product includes a rail body having mutually opposed inclined surfaces.  To the extent the allegations in Paragraph 129 of the *TAC* otherwise consist of legal argument, or include claim terms of the '413 Patent that are subject to construction by Court at a Markman hearing, no response is required.  To the extent a response is required, Defendant FHC denies the remaining allegations in Paragraph 129 of the *TAC*.

130.   Defendant FHC denies the allegations in Paragraph 130 of the *TAC*.  To the extent the allegations in Paragraph 130 of the *TAC* consist of legal argument, or include claim terms of the '413 Patent that are subject to construction by Court at a Markman hearing, no response is required.  To the extent a response is required, Defendant FHC denies the allegations in Paragraph 130 of the *TAC*.

131.   Defendant FHC denies the allegations in Paragraph 131 of the *TAC*.  To the extent the allegations in Paragraph 131 of the *TAC* consist of legal argument, or include claim terms of the '413 Patent that are subject to construction by Court at a Markman hearing, no response is required.  To the extent a response is required, Defendant FHC denies the allegations in Paragraph 131 of the *TAC*.

132.   Defendant FHC denies the allegations in Paragraph 132 of the *TAC*.  To the extent the allegations in Paragraph 132 of the *TAC* consist of legal argument, or include claim terms of the '413 Patent that are subject to construction by Court at a Markman hearing, no response is required.  To the extent a response is required, Defendant FHC denies the allegations in Paragraph 132 of the *TAC*.

133.   Defendant FHC denies the allegations in Paragraph 133 of the *TAC*.  To the extent the allegations in Paragraph 133 of the *TAC* consist of legal argument, or include claim terms of the '413 Patent that are subject to construction by Court at a Markman hearing, no response is required.  To the extent a response is required, Defendant FHC denies the allegations in Paragraph 133 of the *TAC*.

134.   Defendant FHC admits that FHC has engaged in the manufacture, use, sale, and offer for sale of the Herc-Door® product in the United States without the

permission, license, or consent of CRL, but denies that FHC needs such permission, license, or consent. Defendant FHC denies the remaining allegations in Paragraph 134 of the *TAC*.

135.   Defendant FHC objects that the phrase "identical or substantially similar in hardware and architecture" is vague and ambiguous and, therefore, denies any allegations based upon that phrase. Defendant FHC denies the remaining allegations in Paragraph 135 of the *TAC*.

136.   Defendant FHC admits only that Sprague was involved in the design of the Herc-Door® product. Defendant FHC denies that FHC has infringed the '413 Patent, willfully or otherwise. Defendant FHC denies that FHC copied CRL's door rail designs or the subject matter of any claims of the '413 Patent, intentionally or otherwise. Defendant FHC denies that FHC knew or should have known that the design of the Herc-Door® product copied the subject matter in any claims of the '413 Patent. Defendant FHC denies that Sprague knew that the Herc-Door® product copied or infringed the claimed subject matter of the '413 Patent. Defendant FHC denies any remaining allegations in Paragraph 136 of the *TAC*.

137.   Defendant FHC denies the allegations in Paragraph 137 of the *TAC*.

138.   Defendant FHC admits only that Sprague is an FHC employee and that FHC has represented that Sprague is FHC's vice president of product design and development. The remaining allegations in Paragraph 138 of the *TAC* consist of legal argument, to which no response is required. To the extent a response is required, Defendant FHC denies the allegations in Paragraph 138 of the *TAC*.

139.   Defendant FHC admits the allegations in Paragraph 139 of the *TAC* except for use of the words "further" and "import."

140.   Defendant FHC denies the allegations in Paragraph 140 of the *TAC*.

141.   The allegations in Paragraph 141 of the *TAC* are a summary of the relief that CRL seeks, to which no response is required. To the extent a response is required, Defendant FHC denies the allegations in Paragraph 141 of the *TAC*.

142.   The allegations in Paragraph 142 of the *TAC* are a summary of the relief that CRL seeks, to which no response is required.  To the extent a response is required, Defendant FHC denies the allegations in Paragraph 142 of the *TAC*.

143.   The allegations in Paragraph 143 of the *TAC* are a summary of the relief that CRL seeks, to which no response is required.  To the extent a response is required, Defendant FHC denies the allegations in Paragraph 143 of the *TAC*.

**FOURTH CLAIM FOR RELIEF**

**Trade Secret Misappropriation – Defend Trade Secrets Act**

**(18 U.S.C. §§ 1832, 1836 *et seq*.)**

**(Against Defendants FHC and Hanstad)**

144.   Defendants FHC and Hanstad incorporate their answers to Paragraphs 1-143, set forth above, as if fully stated herein.

145.   Defendants FHC and Hanstad are presently without sufficient information to admit or deny the allegations in Paragraph 145 of the *TAC*, and therefore deny those allegations.

146.   Defendants FHC and Hanstad are presently without sufficient information to admit or deny the allegations in Paragraph 146 of the *TAC*, and therefore deny those allegations.

147.   Defendants FHC and Hanstad are presently without sufficient information to admit or deny the allegations in Paragraph 147 of the *TAC*, and therefore deny those allegations.

148.   The allegations in Paragraph 148 of the *TAC* consist of legal argument, to which no response is required.  To the extent a response is required, Defendants FHC and Hanstad deny the allegations in Paragraph 148 of the *TAC*.

149.   Defendants FHC and Hanstad deny the allegations in Paragraph 149 of the *TAC*.

150.   Defendants FHC and Hanstad deny the allegations in Paragraph 150 of the *TAC*.

151.   Defendants FHC and Hanstad deny the allegations in Paragraph 151 of the *TAC*.

152.   The allegations in Paragraph 152 of the *TAC* are a summary of the relief that CRL seeks, to which no response is required.  To the extent a response is required, Defendants FHC and Hanstad deny the allegations in Paragraph 152 of the *TAC*.

153.   The allegations in Paragraph 153 of the *TAC* are a summary of the relief that CRL seeks, to which no response is required.  To the extent a response is required, Defendants FHC and Hanstad deny the allegations in Paragraph 153 of the *TAC*.

## FIFTH CLAIM FOR RELIEF

### Misappropriation of Trade Secrets (Cal. Civ. Code § 3426 *et seq.*)

### (Against Defendants FHC and Hanstad)

154.   Defendants FHC and Hanstad incorporate their answers to Paragraphs 1-153, set forth above, as if fully stated herein.

155.   Defendants FHC and Hanstad are presently without sufficient information to admit or deny the allegations in Paragraph 155 of the *TAC*, and therefore deny those allegations.

156.   Defendants FHC and Hanstad are presently without sufficient information to admit or deny the allegations in Paragraph 156 of the *TAC*, and therefore deny those allegations.

157.   Defendants FHC and Hanstad are presently without sufficient information to admit or deny the allegations in Paragraph 157 of the *TAC*, and therefore deny those allegations.

158.   The allegations in Paragraph 158 of the *TAC* consist of legal argument, to which no response is required.  To the extent a response is required, Defendants FHC and Hanstad deny the allegations in Paragraph 158 of the *TAC*.

159.   Defendants FHC and Hanstad deny the allegations in Paragraph 159 of the *TAC*.

160.   Defendants FHC and Hanstad deny the allegations in Paragraph 160 of the *TAC*.

161.   Defendants FHC and Hanstad deny the allegations in Paragraph 161 of the *TAC*.

162.   The allegations in Paragraph 162 of the *TAC* are a summary of the relief that CRL seeks, to which no response is required.  To the extent a response is required, Defendants FHC and Hanstad deny the allegations in Paragraph 162 of the *TAC*.

163.   The allegations in Paragraph 163 of the *TAC* are a summary of the relief that CRL seeks, to which no response is required.  To the extent a response is required, Defendants FHC and Hanstad deny the allegations in Paragraph 163 of the *TAC*.

## SIXTH CLAIM FOR RELIEF

### Violation of Lanham Act § 43(a) (15 U.S.C. § 1125(a))

### (Against Defendant FHC)

164.   Defendant FHC incorporates its answers to Paragraphs 1-163, set forth above, as if fully stated herein.

165.   Defendant FHC denies the allegations in Paragraph 165 of the *TAC*.

166.   Defendant FHC denies the allegations in Paragraph 166 of the *TAC*.

167.   The allegations in Paragraph 167 of the *TAC* consist of legal argument, to which no response is required.  To the extent a response is required, Defendant FHC denies the allegations in Paragraph 167 of the *TAC*.

168.   The allegations in Paragraph 168 of the *TAC* are a summary of the relief that CRL seeks, to which no response is required.  To the extent a response is required, Defendant FHC denies the allegations in Paragraph 168 of the *TAC*.

169.   The allegations in Paragraph 169 of the *TAC* are a summary of the relief that CRL seeks, to which no response is required.  To the extent a response is required, Defendant FHC denies the allegations in Paragraph 169 of the *TAC*.

170.   The allegations in Paragraph 170 of the *TAC* are a summary of the relief that CRL seeks, to which no response is required.  To the extent a response is required, Defendant FHC denies the allegations in Paragraph 170 of the *TAC*.

### SEVENTH CLAIM FOR RELIEF

### Common Law Unfair Competition

### (Against Defendant FHC)

171.   Defendant FHC incorporates its answers to Paragraphs 1-170, set forth above, as if fully stated herein.

172.   Defendant FHC is presently without sufficient information to admit or deny the allegations in Paragraph 172 of the *TAC*, and therefore denies those allegations.

173.   Defendant FHC denies the allegations in Paragraph 173 of the *TAC*.

174.   Defendant FHC denies the allegations in Paragraph 174 of the *TAC*.

175.   The allegations in Paragraph 175 of the *TAC* consist of legal argument, to which no response is required.  To the extent a response is required, Defendant FHC denies the allegations in Paragraph 175 of the *TAC*.

176.   The allegations in Paragraph 176 of the *TAC* are a summary of the relief that CRL seeks, to which no response is required.  To the extent a response is required, Defendant FHC denies the allegations in Paragraph 176 of the *TAC*.

177.   The allegations in Paragraph 177 of the *TAC* are a summary of the relief that CRL seeks, to which no response is required.  To the extent a response is required, Defendant FHC denies the allegations in Paragraph 177 of the *TAC*.

178.   The allegations in Paragraph 178 of the *TAC* are a summary of the relief that CRL seeks, to which no response is required.  To the extent a response is required, Defendant FHC denies the allegations in Paragraph 178 of the *TAC*.

SMRH:4889-5405-3139.8

179.   The allegations in Paragraph 179 of the *TAC* are a summary of the relief that CRL seeks, to which no response is required.  To the extent a response is required, Defendant FHC denies the allegations in Paragraph 179 of the *TAC*.

## EIGHTH CLAIM FOR RELIEF

### Fraud

### (Against Defendants FHC, Dorado, and Sutherland)

180.   Defendants FHC, Dorado, and Sutherland incorporate their answers to Paragraphs 1-179, set forth above, as if fully stated herein.

181.   Defendants FHC, Dorado, and Sutherland admit only that certain of FHC's employees have, at certain points in time, accessed the Online Computer Programs.  The nature and extent of the access to the Online Computer Programs is set forth in great detail in  FHC's response to Paragraph 3 of the Court's July 6, 2021 Order [ECF Dkt. No. 46], served on CRL's counsel on July 20, 2021.  Defendants FHC, Dorado, and Sutherland deny the remaining allegations in Paragraph 181 of the *TAC*.

182.   Defendants FHC, Dorado, and Sutherland admit only that certain of FHC's employees have, at certain points in time, accessed the Online Computer Programs.  The nature and extent of the access to the Online Computer Programs is set forth in great detail in  FHC's response to Paragraph 3 of the Court's July 6, 2021 Order [ECF Dkt. No. 46], served on CRL's counsel on July 20, 2021.  Defendants FHC, Dorado, and Sutherland deny the remaining allegations in Paragraph 182 of the *TAC*.

183.   Defendants FHC, Dorado, and Sutherland admit only that certain of FHC's employees have, at certain points in time, accessed the Online Computer Programs.  The nature and extent of the access to the Online Computer Programs is set forth in great detail in  FHC's response to Paragraph 3 of the Court's July 6, 2021 Order [ECF Dkt. No. 46], served on CRL's counsel on July 20, 2021.  Defendants

FHC, Dorado, and Sutherland deny the remaining allegations in Paragraph 183 of the *TAC*.

184.   Defendants FHC, Dorado, and Sutherland admit only that certain of FHC's employees have, at certain points in time, accessed the Online Computer Programs.  The nature and extent of the access to the Online Computer Programs is set forth in great detail in  FHC's response to Paragraph 3 of the Court's July 6, 2021 Order [ECF Dkt. No. 46], served on CRL's counsel on July 20, 2021.  Defendants FHC, Dorado, and Sutherland deny the remaining allegations in Paragraph 184 of the *TAC*.

185.   Defendants FHC, Dorado, and Sutherland admit only that certain of FHC's employees have, at certain points in time, accessed the Online Computer Programs.  The nature and extent of the access to the Online Computer Programs is set forth in great detail in  FHC's response to Paragraph 3 of the Court's July 6, 2021 Order [ECF Dkt. No. 46], served on CRL's counsel on July 20, 2021.  Defendants FHC, Dorado, and Sutherland deny the remaining allegations in Paragraph 185 of the *TAC*.

186.   The allegations in Paragraph 186 of the *TAC* consist of legal argument, to which no response is required.  To the extent a response is required, Defendants FHC, Dorado, and Sutherland deny the allegations in Paragraph 186 of the *TAC*.

187.   The allegations in Paragraph 187 of the *TAC* consist of legal argument, to which no response is required.  To the extent a response is required, Defendants FHC, Dorado, and Sutherland deny the allegations in Paragraph 187 of the *TAC*.

188.   The allegations in Paragraph 188 of the *TAC* consist of legal argument, to which no response is required.  To the extent a response is required, Defendants FHC, Dorado, and Sutherland deny the allegations in Paragraph 188 of the *TAC*.

189.   The allegations in Paragraph 189 of the *TAC* are a summary of the relief that CRL seeks, to which no response is required.  To the extent a response is

required, Defendants FHC, Dorado, and Sutherland deny the allegations in Paragraph 189 of the *TAC*.

190.   The allegations in Paragraph 190 of the *TAC* are a summary of the relief that CRL seeks, to which no response is required.  To the extent a response is required, Defendants FHC, Dorado, and Sutherland deny the allegations in Paragraph 190 of the *TAC*.

<u>**NINTH CLAIM FOR RELIEF**</u>

**Breach of Contract**

**(Against Defendant Glasswerks)**

191.   Defendant Glasswerks incorporates its answers to Paragraphs 1-190, set forth above, as if fully stated herein.

192.   Defendant Glasswerks is presently without sufficient information to admit or deny the allegations in Paragraph 192 of the TAC, and therefore deny those allegations.

193.   Defendant Glasswerks is presently without sufficient information to admit or deny the allegations in Paragraph 193 of the TAC, and therefore deny those allegations.

194.   The allegations in Paragraph 194 of the *TAC* consist of legal argument, to which no response is required.  To the extent a response is required, Defendant Glasswerks denies the allegations in Paragraph 194 of the *TAC*.

195.   The allegations in Paragraph 195 of the *TAC* are a summary of the relief that CRL seeks, to which no response is required.  To the extent a response is required, Defendant Glasswerks denies the allegations in Paragraph 195 of the *TAC*.

<u>**TENTH CLAIM FOR RELIEF**</u>

**Intentional Interference with Contract**

**(Against Defendant FHC)**

196.   Defendant FHC incorporates its answers to Paragraphs 1-195, set forth above, as if fully stated herein.

197.   Defendant FHC admits only that certain of FHC's employees have, at certain points in time, accessed the Online Computer Programs.  The nature and extent of the access to the Online Computer Programs is set forth in great detail in FHC's response to Paragraph 3 of the Court's July 6, 2021 Order [ECF Dkt. No. 46], served on CRL's counsel on July 20, 2021.  Defendant FHC denies the remaining allegations in Paragraph 197 of the *TAC*.

198.   Defendant FHC admits only that certain of FHC's employees have, at certain points in time, accessed the Online Computer Programs.  The nature and extent of the access to the Online Computer Programs is set forth in great detail in FHC's response to Paragraph 3 of the Court's July 6, 2021 Order [ECF Dkt. No. 46], served on CRL's counsel on July 20, 2021.  Defendant FHC denies the remaining allegations in Paragraph 198 of the *TAC*.

199.   The allegations in Paragraph 199 of the *TAC* consist of legal argument, to which no response is required.  To the extent a response is required, Defendant FHC denies the allegations in Paragraph 199 of the *TAC*.

200.   The allegations in Paragraph 200 of the *TAC* consist of legal argument, to which no response is required.  To the extent a response is required, Defendant FHC denies the allegations in Paragraph 200 of the *TAC*.

201.   The allegations in Paragraph 201 of the *TAC* are a summary of the relief that CRL seeks, to which no response is required.  To the extent a response is required, Defendant FHC denies the allegations in Paragraph 201 of the *TAC*.

## ELEVENTH CLAIM FOR RELIEF

### Unjust Enrichment and Restitution

### (Against Defendant FHC)

202.   Defendant FHC incorporates its answers to Paragraphs 1-201, set forth above, as if fully stated herein.

SMRH:4889-5405-3139.8          DEFENDANTS FHC, ET AL.'S ANSWER TO PLT'S THIRD AMENDED COMPLAINT

203.   The allegations in Paragraph 203 of the *TAC* consist of legal argument, to which no response is required.  To the extent a response is required, Defendant FHC denies the allegations in Paragraph 203 of the *TAC*.

204.   The allegations in Paragraph 204 of the *TAC* consist of legal argument, to which no response is required.  To the extent a response is required, Defendant FHC denies the allegations in Paragraph 204 of the *TAC*.

205.   The allegations in Paragraph 205 of the *TAC* consist of legal argument, to which no response is required.  To the extent a response is required, Defendant FHC denies the allegations in Paragraph 205 of the *TAC*.

206.   The allegations in Paragraph 206 of the *TAC* consist of legal argument, to which no response is required.  To the extent a response is required, Defendant FHC denies the allegations in Paragraph 206 of the *TAC*.

207.   The allegations in Paragraph 207 of the *TAC* are a summary of the relief that CRL seeks, to which no response is required.  To the extent a response is required, Defendant FHC denies the allegations in Paragraph 207 of the *TAC*.

## TWELFTH CLAIM FOR RELIEF

### Violation of Business and Professions Code § 17200

### (Against all Defendants)

208.   Defendants incorporate their answers to Paragraphs 1-207, set forth above, as if fully stated herein.

209.   The allegations in Paragraph 209 of the *TAC* consist of legal argument, to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 209 of the *TAC*.

210.   The allegations in Paragraph 210 of the *TAC* consist of legal argument, to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 210 of the *TAC*.

SMRH:4889-5405-3139.8   DEFENDANTS FHC, ET AL.'S ANSWER TO PLT'S THIRD AMENDED COMPLAINT

211.   The allegations in Paragraph 211 of the *TAC* are a summary of the relief that CRL seeks, to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 211 of the *TAC*.

212.   The allegations in Paragraph 212 of the *TAC* are a summary of the relief that CRL seeks, to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 212 of the *TAC*.

## PRAYER FOR RELIEF

Defendants deny that CRL is entitled to any of the relief sought in its Prayer for Relief.

## AFFIRMATIVE DEFENSES

As separate and distinct affirmative defenses to CRL's allegations, Defendants allege as follows:

## FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

The *TAC*, and each purported claim for relief pled therein, fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE
### (No Damages)

The *TAC*, and each purported claim for relief pled therein, fails in whole or in part to the extent CRL has suffered no damages.

## THIRD AFFIRMATIVE DEFENSE
### (Laches)

The *TAC*, and each purported claim for relief pled therein, fails in whole or in part by the doctrine of laches because CRL unreasonably delayed in asserting the claims alleged in the *TAC*, thereby causing prejudice to Defendants.

///
///
///

## FOURTH AFFIRMATIVE DEFENSE

### (Good Faith)

Defendants did not engage in bad faith, willful, wanton, or reckless conduct towards CRL, and all actions were taken without malice, ill will, or any conscious disregard for the rights or interests of CRL.

## FIFTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

The *TAC*, and each cause of action therein, fails in whole or in part under the doctrine of unclean hands. Among other things, as stated further below, CRL has copied elements of FHC's logo and branding.

## SIXTH AFFIRMATIVE DEFENSE

### (Unjust Enrichment)

The *TAC*, and each cause of action therein, fails in whole or in part under the doctrine of unjust enrichment. Among other things, as stated further below, CRL has been unjustly enriched by copying elements of FHC's logo and branding.

## SEVENTH AFFIRMATIVE DEFENSE

### (Acquiescence)

The *TAC*, and each cause of action therein, fails in whole or in part under the doctrine of acquiescence. Among other things, CRL has acquiesced to the sharing of access credentials to its Online Computer Programs by not requiring its customers to sign license agreements and/or otherwise not restricting the use of such credentials.

## EIGHTH AFFIRMATIVE DEFENSE

### (Waiver)

The *TAC*, and each cause of action therein, fails in whole or in part under the doctrine of waiver. Among other things, CRL has waived the right to enforce its access credentials to its Online Computer Programs by not requiring its customers to sign license agreements and/or otherwise not restricting the use of such credentials.

## NINTH AFFIRMATIVE DEFENSE

### (Estoppel)

The *TAC*, and each cause of action therein, fails in whole or in part under the doctrine of estoppel.  Among other things, CRL is estopped from enforcing its access credentials to its Online Computer Programs by not requiring its customers to sign license agreements and/or otherwise not restricting the use of such credentials.

## TENTH AFFIRMATIVE DEFENSE

### (Bad Faith)

The allegations of the *TAC* and in each purported claim for relief have always been and continue to be frivolous, unreasonable, and groundless.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Equities in Favor of Defendants)

Plaintiff is barred from recovering the relief sought in the *TAC* because the equities weigh in favor of Defendants.

## TWELFTH AFFIRMATIVE DEFENSE

### (No Punitive Damages)

The *TAC*'s claims for punitive damages are barred and should be stricken because such an award would violate Defendants' rights guaranteed under the California and United States Constitutions, including, without limitation, the Equal Protection and Due Process provisions of the Fifth and Fourteenth Amendments of the United States Constitution, and the Excessive Fines provision of the Eighth Amendment of the United States Constitution.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (No Punitive Damages Intent)

The *TAC*'s claims for punitive damages are barred and should be stricken because Defendants' alleged conduct was not undertaken with the requisite intent to support an award of punitive damages.

SMRH:4889-5405-3139.8   DEFENDANTS FHC, ET AL.'S ANSWER TO PLT'S THIRD AMENDED COMPLAINT

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate Damages and Attorneys' Fees)

The *TAC*, and each cause of action therein, fails in whole or in part because CRL has not mitigated its purported damages and attorneys' fees, if any.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (No Likelihood of Confusion)

The *TAC*, and each cause of action therein, fails in whole or in part because there is no likelihood of confusion in the marketplace.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Non-Infringement)

FHC has not infringed and is not infringing any valid claim of the '413 Patent, either directly or indirectly, literally or under the doctrine of equivalents, willfully or otherwise.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Invalidity/Unenforceability)

Each claim of the '413 Patent is unpatentable or otherwise invalid for failure to meet the conditions of patentability and otherwise comply with the requirements of 35 U.S.C. §§ 102, 103, and/or 112.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Failure to Identify Trade Secrets)

CRL's trade secret misappropriation claims in the *TAC* fail because Plaintiff has failed to identify its alleged trade secrets with reasonable particularity.

## NINETEENTH AFFIRMATIVE DEFENSE

### (CRL Has Copied Elements of FHC's Logo and Branding)

CRL's *TAC* contends that FHC has copied Plaintiff's business model, products, and website. [*TAC* ¶¶ 57, 58, 86-93]. On the contrary, once CRL learned of FHC's success and innovative branding in the industry, it actually rebranded and modeled its own logo to look similar to FHC's.

-34-

On October 11, 2019, FHC filed a trademark application (Serial No. 88651641) for its all-black logo with slashed lettering on the "F" and "C". FHC's trademark application was published for opposition on May 12, 2020. FHC began using its logo in commerce at least as early as November 2019. FHC's logo has a sleek, modern look that comports with FHC's overall marketing and branding campaign. FHC's logo and marketing materials have sought to bring a modern, fresh approach to an otherwise antiquated industry. Customers in the glass and glazing industries have been receptive to FHC's fresh marketing campaigns and have complimented FHC on bringing a new energy to the industry.

Plaintiff's old logo featured blocked blue lettering. Upon information and belief, Plaintiff used its old logo with blocked blue lettering through July 16, 2020. On August 25, 2020, Plaintiff filed a trademark application to register its new logo with blue, slashed lettering. Plaintiff completely transformed its logo from blocked, blue lettering to slashed lettering similar to FHC beginning in July 2020. Upon information and belief, Plaintiff deliberately copied elements of FHC's logo to piggy-back off the goodwill and notoriety generated by FHC's marketing and branding success.

## TWENTIETH AFFIRMATIVE DEFENSE

### (No Requisite Intent As Required Under the CFAA)

Plaintiff's claims under the COMPUTER FRAUD AND ABUSE ACT fail because no Defendant:  (1) intentionally accessed any of Plaintiff's computers without authorization or exceeded authorized access; (2) knowingly and with the intent to defraud, accessed any of Plaintiff's protected computers without authorization or exceeded authorized access; or (3) knowingly and with intent to defraud trafficked in any password or similar information through which a password may be accessed without authorization.

///

///

SMRH:4889-5405-3139.8

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

**(No Requisite Intent As Required Under C**AL**. P**EN**. C**ODE **§ 502)**

Plaintiff's claims under C**ALIFORNIA** P**ENAL** C**ODE** § 502 fail because no Defendant knowingly and without permission accessed, altered or used any data related to, caused disruption to, copied or made use of data from, any of Plaintiff's online computer programs.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

**(No Enforcement of CRL's Online Computer Programs)**

Plaintiff's claims related to its Online Computer Programs fail because Plaintiff did not require its customers to enter into license agreements before providing credentials for its Online Computer Programs, and/or did not enforce any such restrictions.

Several years ago, CRL granted Glasswerks login credentials to use the Online Computer Programs to allow Glasswerks to build and design glass products for Glasswerks' customers. The Online Computer Programs were invented by David Brennan the late 1990s and early 2000s. Brennan is the managing Director at Smart-Builder Limited, a New Zealand-based glass software company. Smart Builder's glass design, pricing, and ordering software are commonly used throughout the glass and glazing industries. Smart Builder licenses its glass software to companies such as CRL who, in turn, provide such software to its customers. In other words, the Online Computer Programs are not designed, owned, or otherwise proprietary to CRL.

Glasswerks is informed and believes, and on that basis alleges, that CRL never required Glasswerks to sign a license agreement restricting Glasswerks' use of its login credentials to the Online Computer Programs. In fact, upon information and belief, CRL never advised Glasswerks that it is prohibited from sharing its login credentials for the Online Computer Programs to other customers or third parties. Generally, CRL never policed Glasswerks' access to the Online Computer Programs licensed by Brennan to CRL during the relevant time period. On occasion,

1  Glasswerks provided its login credentials to CRL's Online Computer Programs to

2  FHC and other third parties.  It was common practice for certain of CRL's customers

3  to share their login credentials to CRL's Online Computer Programs with other

4  parties.

### COUNTERCLAIMS AGAINST CRL

6      Pursuant to FEDERAL RULE OF CIVIL PROCEDURE 13, Defendant and

7  Counterclaimant Frameless Hardware Company, LLC ("**FHC**") hereby asserts the

8  following counterclaims against Plaintiff and Counterdefendant C.R. Laurence Co.,

9  Inc. ("**CRL**"):

### PARTIES

11     1.     Counterclaimant Frameless Hardware Company is a Delaware limited

12  liability company that maintains its principal place of business in Los Angeles

13  County, California.

14     2.     Plaintiff C.R. Laurence Co., Inc. is a California corporation that, upon

15  information and belief, maintains its corporate headquarters and principal place of

16  business in Los Angeles County, California.

### JURISDICTION AND VENUE

18     3.     Jurisdiction is proper for these counterclaims because CRL has

19  consented to jurisdiction by bringing its *Third Amended Complaint* [ECF Dkt. 85]

20  against FHC in this Court.

21     4.     This Court has personal jurisdiction over CRL because its principal place

22  of business is in Los Angeles, California and within this judicial district.

23     5.     Venue is proper in this District under 28 U.S.C. §§ 1391(b)(1) and

24  1391(c) in that this is the judicial district in which a substantial part of the acts and

25  omissions giving rise to the claims occurred, and CRL's principal place of business

26  and residence are within the Central District of California.  Further,  CRL brought its

27  *Third Amended Complaint* [ECF Dkt. 85] against FHC in this Court, in response to

28  which these counterclaims are asserted.

**FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS FOR RELIEF**

**CRL's Success Before 2018**

6.      CRL was founded in 1961.  Over the next several decades, CRL became known for its commonsense business philosophy and commitment to both customers and employees.  Under the stewardship of its prior owner and CEO, CRL grew into the largest glazing industry supplier in the US, with 40 locations and over $500 million in annual revenues.  CRL now is the leading supplier to the glazing, screen, architectural, railing, construction, industrial and automotive industries.  CRL's products include commercial and residential architectural railings, hardware for "all-glass" commercial entrances, transaction hardware, and frameless shower door hardware.  CRL's success was exemplified by some of its core values:  customer service; new product innovations; commitment to having inventory; and hiring experienced top industry talent.

7.      In 2015, CRL was sold to Irish conglomerate Oldcastle BuildingEnvelope ("**OBE**") for $1.3 billion.  CRL became an independently managed and operated subsidiary of Irish-owned OBE and retained all existing management structures and personnel.

8.      Upon information and belief, CRL's parent company, CRH plc ("**CRH**") has a net worth over $34.5 billion.  CRH's portfolio consists of Building & Construction Products, Cement, Concrete Products, Aggregates, Roofing, Insulation and other building materials.  Upon information and belief, CRH is the leading building materials business in the world, employing over 77,400 people at 3,235 locations in 28 countries.

**The Prior Experience And Expertise Of Hanstad And Other FHC Officers**

9.      A large component of CRL's success was due to hiring experienced top industry talent.  Many of the former CRL employees who later would form or join FHC had years of experience in the building materials and hardware businesses before joining CRL.  For example, Chris Hanstad (former Vice President of

1  Architectural Sales at CRL and current CEO at FHC) previously worked in the

2  Drafting and Design department at GrandView Glass and Metal for 7 years before

3  joining CRL.  Grandview was a manufacturer of glass, such as frameless glass

4  entrances, fully frame-clad doors and storefronts and fully fabricated tempered glass

5  and shower doors, and some accompanying hardware, such as shower door hinges

6  and handles.

7     10. Barry Sutherland (former Director Commercial Hardware at CRL and

8  current Sr. Vice President of Sales at FHC) previously worked in the Sales

9  department at Sommer and Maca for 4 years before joining CRL.  Danny Donahue

10  (former Director and Brand Manager at CRL and current Brand Manager of

11  Frameless Shower Hardware at FHC) worked in the Sales and Installation department

12  at Capistrano Valley Glass for 11 years before joining CRL.  As a final example,

13  Jesse Dorado (former Lead Technician at CRL and current Brand Manager of

14  Architectural Hardware at FHC) worked as Vice President of Sales at GrandView

15  Glass and Metal for 17 years before joining CRL.  In short, these individuals, as well

16  as several other former CRL employees who would later join FHC, brought decades

17  of experience, knowledge, and customer relationships in the glass, glazing, and

18  architectural hardware industries before joining FHC.

19  **CRL Deteriorates After 2018**

20     11. After CRL's prior owner and CEO left the company in 2018, everything

21  changed at CRL.  CRH wanted a fast return on its $1.3 billion dollar investment.  It

22  immediately implemented a company-wide philosophy of Return on Net Asset, or

23  "RONA," seeking to squeeze more earnings out of each dollar invested.  CRL focused

24  less on innovating and maximizing customer experience, instead focusing primarily

25  on cost savings exercises.  As part of this cost-saving focus, CRL drastically reduced

26  inventory levels which detrimentally impacted CRL's customer service and lead

27  times.

28

SMRH:4889-5405-3139.8

12.     CRL quickly transformed from a family-style, entrepreneur-run business to a professionally managed corporation.  Employees at CRL became a number and bottom line.  The personal touch was removed.  Several positions were eliminated across the company.  Departments were restructured and reduced.  CRH eliminated many bonuses for CRL employees and cut salaries for many employees in half.  And, CRH closed many CRL facilities.  These changes caused many CRL employees to feel nervous, insecure, unsupported, underpaid, and overworked and afraid they could lose their jobs at any time.

13.     These corporate and structural changes also had an impact on CRL's performance and customer relationships.  CRL customers began complaining that they could not get a live person to answer the phone for technical support, to get a quote, or to place orders.  CRL customers also complained about long lead times for new orders, as well as back orders or no inventory for many key products.

**Hanstad And Randy Steinberg Form FHC**

14.     Because of the drastic changes at CRL, Hanstad and many others left the company.  Hanstad resigned in 2018.  After taking a sabbatical for several months, Hanstad decided he wanted to open a glazing supply company that gave the glazing community another choice.  Hanstad determined there was a gap in the glass and glazing industry, in that there was no smaller company or other alternative to CRL that could provide a high level of responsive customer service while still providing quality and innovative products.

15.     Because he needed help financing a new company, Hanstad reached out to a friend and associate he had known for over two decades, Randy Steinberg, the owner of Glasswerks LA, Inc. ("**Glasswerks**").  Founded by Steinberg in 1983, Glasswerks is a custom glass fabricator offering a wide range of custom and architectural glass products and custom glass fabrication capabilities to customers.  Through a number of acquisitions and other transactions, Glasswerks now has grown to over 400 employees and annual gross revenues over $100 million per year.

16.     In April 2019, Hanstad and Steinberg formed FHC, which is a manufacturer and supplier to the glass, glazing, and fenestration industries.  Several former CRL employees have joined FHC.  FHC provides a complete range of tools and supplies as well as innovative hardware product solutions for frameless shower doors, commercial storefronts, architectural railings, and transaction windows.  As a privately-owned, American-based company, FHC's mission is built upon the core principles of customer service, product innovation, and entrepreneurship.  FHC's products, services, and ethics are backed by a team of highly knowledgeable industry veterans that effectively combines technical competency, product expertise, and small business ideologies.

**FHC's Company Mission, Business Model, And Immediate Success**

17.     FHC's business is predicated on a simple idea:  place the customer first. As a privately-owned company, FHC does not need to answer to public company shareholders or a private equity firm.  This allows FHC to meet its customers' needs and problems in a timely, efficient, and welcoming manner.  FHC also emphasizes product innovation, as it continues to offer new products and designs to support the glazing industry.  FHC is committed to inventory, ensuring that it keeps its core product offerings in stock, resulting in short lead times for its customers.

18.     In building out its website, product and services offerings, and its marketing materials, FHC did what any new company would do—it looked to its competitors via publicly available means to see what products are being offered, how they are being marketed, and how FHC could best fairly compete.  This is commonplace in the glass, glazing, and fenestration industries.  Several companies offer the same types of products with the same dimensions (*e.g.*, standard door hinges or handles).  In building its business and product offerings and in order to meet its customers' needs, Hanstad and others at FHC tapped into their decades of experience and knowledge gained from working in the industry.  FHC also looked at the publicly available product offerings of several competitors, including CRL, PRL, Assa Abloy,

Dorma, Portals, Bohle, Morse Industries, Tag Hardware, Structures, and Southeast Alum Products.  FHC did this without misappropriating any other company's confidential materials or infringing any of its patented products. Industrial competition is the backbone of the American economy.  There is nothing unfair about the manner in which FHC developed its product offerings.

19.    In securing its suppliers and customers, Hanstad, Steinberg, and FHC's executive team utilized their knowledge in the industry and meaningful relationships that had been built over decades.  FHC also secured its customers and suppliers through online public searches, industry trade shows, vendor/supplier source books, and websites in certain glazing publications.

20.    Over approximately two years, FHC has been a remarkable success.  It has grown to over 140 employees, offers over 10,000 products for sale, and services 6,000 total customers (of which over 3,500 are repeat customers).  Feedback from FHC's customers has confirmed that its customer service and professional team have been a welcome addition to the glass and glazing industries.  Several FHC customers have remarked how CRL's customer service has deteriorated significantly over the years and they are glad that there is an alternative in the industry.  FHC's customers have stated that they love FHC's customer service and support teams, and speaking to a live human when calling for customer support or to obtain a quote or place an order.  FHC's customers also appreciate that they are open on Saturdays, and there are generally short lead times and same-day shipping for products.

## FIRST COUNTERCLAIM FOR RELIEF

### [Declaration of Non-Infringement of U.S. Patent No. 9,074,413]

21.    FHC incorporates by reference the allegations contained in Paragraphs 1-21 of these counterclaims, set forth above.

22.    On March 4, 2022, CRL filed a *Third Amended Complaint* [ECF Dkt. 85], naming FHC as a defendant and alleging infringement of U.S. Patent No. 9,074,413 ("**the '413 Patent**").

23. The *Third Amended Complaint* alleges that FHC infringes the '413 Patent by manufacturing, using, selling, offering for sale, and/or importing the Herc-Door® door rail system.

24. FHC has not infringed, contributed to the infringement of, or induced any infringement of any valid and enforceable claim of the '413 Patent. For example, independent claim 1 of the '413 Patent requires, among other elements, a "spring action clamping member." The Herc-Door® door rail system lacks a spring action clamping member or anything equivalent to a spring action clamping member. Among other things, the alleged "spring action clamping member" identified in the *Third Amended Complaint* does not act through spring action and thus is not within the scope of independent claim 1 of the '413 Patent. The Herc-Door® door rail system lacks other claim limitations of the '413 Patent.

25. An actual and justiciable controversy exists between CRL and FHC regarding CRL's allegations of infringement of the '413 Patent.

26. Pursuant to 28 U.S.C. §§ 2201 and 2202, FHC is entitled to a declaratory judgment that FHC has not infringed, contributed to the infringement of, or induced any infringement of any valid and enforceable claim of the '413 Patent.

## SECOND COUNTERCLAIM FOR RELIEF

### [Declaration of Invalidity of U.S. Patent No. 9,074,413]

27. FHC incorporates by reference the allegations contained in Paragraphs 1-28 of these counterclaims, set forth above.

28. The claims of the '413 Patent are invalid for failure to satisfy one or more of the conditions for patentability specified in Title 35 of the United States Code, including, without limitation, 35 U.S.C. §§ 102, 103, and 112. For example, one or more claims of the '413 Patent is or are anticipated and/or rendered obvious at least in view of U.S. Patent No. 6,434,905 to Sprague, alone or in combination with other prior art, such as U.S. Patent No. 7,493,673 to Garrett ("**Garrett**"), U.S. Patent

No. 5,069,010 to Trainor, *et al*. ("**Trainor**"), U.S. Patent No. 7,302,780 to Sprague ("**Sprague '780**"), and the Applicant's Admitted Prior Art in the "Background of the Invention" section of the '413 Patent ("**AAPA**").  As an additional example, one or more claims of the '413 Patent is or are anticipated and/or rendered obvious at least in view of French Patent Publication No. FR2367178A1 to Girardy, alone or in combination with other prior art, such as Garrett, Trainor, Sprague '780, and the AAPA.  On information and belief, the claims of the '413 Patent are anticipated and/or rendered obvious in view of other prior art.

29.    An actual and justiciable controversy exists between CRL and FHC regarding the validity of the '413 Patent.

30.    Pursuant to 28 U.S.C. §§ 2201 and 2202, FHC is entitled to a declaratory judgment that the claims of the '413 Patent are invalid.

## **PRAYER FOR RELIEF**

FHC prays that the Court:

1.    Enter judgment in favor of FHC and against CRL on all Claims for Relief;

2.    Award all costs, fees and expenses as provided by statute, common law or equity; and

3.    Order all such other and further relief as this Court deems just and proper.

Dated:  March 18, 2022        SHEPPARD MULLIN RICHTER & HAMPTON LLP

By _____
          */s/ Kent R. Raygor*
          KENT R. RAYGOR

Attorney for Defendant and Counterclaimant
FRAMELESS HARDWARE COMPANY LLC,
and for Defendants CHRISTOPHER HANSTAD,
JESUS "JESSE" DORADO, BARRY
SUTHERLAND, GLASSWERKS LA, INC.,
and RANDY STEINBERG